**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RONALD RUSHIN, | : | CIVIL ACTION NOS. |
| Hall County ID # 1115954, | : | 2:11-CV-00204-RWS-SSC |
|     Plaintiff, | : | 2:11-CV-00206-RWS-SSC |
| | : | 2:11-CV-00219-RWS-SSC |
| v. | : | 2:11-CV-00237-RWS-SSC |
| | : | |
| LT. BANDY, et al., | : | |
|     Defendants. | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Ronald Rushin, currently confined at the Hall County Detention Center (HCDC) after being transferred there from the Fulton County Jail, has submitted four *pro se* civil actions, identified by number in the case style. In each of these actions, Plaintiff requests transfer back to Fulton County. As grounds for his request, he alleges, among other things, that HCDC officials refuse to provide Fulton County transferees with proper medical care and with the 2,800 calories per meal mandated by the Georgia Department of Corrections, threaten "to do bodily harm" and "to beat up on them," and are engaged in a "corruption scam" to steal everything from them. (See Doc. 1, 2:11-CV-00204; Doc. 1, 2:11-CV-00206). Plaintiff alleges that he needs a wisdom tooth pulled and also either an x-ray or treatment for his lower back. (See Doc. 1, 2:11-CV-00204; see also Doc. 1, 2:11CV-00219).

A prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has at least three such prior dismissals. See (1) Order and Opinion at 4, Rushin v. Obriens, No. 1:10-CV-02106-RLV (N.D. Ga. July 29, 2010), ECF No. 2 (dismissing complaint as frivolous); (2) Order on Recommendation of Dismissal, Ash (a/k/a Rushin) v. Adamson, No. 4:10-CV-00055-CDL (M.D. Ga. June 30, 2010), ECF No. 12 (adopting recommendation of United States Magistrate Judge that complaint be dismissed as frivolous and for failing to state a claim (see ECF No. 7)); and (3) Order at 6, Rushin v. Freeman, No. 1:05-CV-01699-RLV (N.D. Ga. Aug. 16, 2005), ECF No. 2 (dismissing complaint for failure to state a claim).

Although Plaintiff makes vague allegations regarding his medical needs and threats of bodily harm, the Court finds no indication that he is "under imminent danger of serious physical injury." See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (unpublished decision) (holding that, because the purpose of the Prisoner Litigation Reform Act "is to curtail abusive prisoner litigation," Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002), vague and unsupported allegations

do not permit a finding of imminent danger). The Court takes judicial notice that Plaintiff has made allegations of official corruption and generalized threats to his well-being while incarcerated in at least two other penal institutions in Georgia. See Complaint at 3, Rushin v. Scarborough, No. 1:10-CV-02207-RLV (N.D. Ga. July 12, 2010), ECF No. 1 (alleging that he was housed at Calhoun State Prison "with dope indulging inmates," to whom prison officials were distributing drugs); Complaint at 3-4, Rushin v. Adamson, 1:10-CV-01448-RLV (N.D. Ga. May 25, 2010), ECF No. 1 (alleging that prison officials at Muscogee County Prison ran a "drug cartel" and stole "everything not nailed down" and that his life had been threatened by prison officials and drug abusing inmates). Plaintiff has not made the showing necessary to show that he is entitled to the "imminent danger" exception to the "three strikes" provision of 28 U.S.C. § 1915(g) and therefore is not entitled to that exception in these cases.

"Advance payment of fees is required before the clerk will file any civil action, suit, or proceeding." LR 3.2.A., NDGa. Because, as set forth above, Plaintiff may not proceed *in forma pauperis* in these civil actions, he was required to pay his filing fee at the time he submitted his complaints. See Dupree, 284 F.3d at 1236 (noting "that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit"). As Plaintiff did not do so, it is **RECOMMENDED** that

Plaintiff's civil actions—2:11-CV-00204, 2:11-CV-00206, 2:11-CV-00219, and 2:11-CV-00237—be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

**SO RECOMMENDED** this 16th day of September, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)